IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

QUINTON ANDREWS,

    Plaintiff,

v.

TYSON STEVENS; OFFICER FAYE;
OFFICER JAMES; OFFICER TONY;
OFFICER BRENDA; and OFFICER SHAW,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-18

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Emanuel County Jail in Swainsboro, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Plaintiff filed two Motions to Amend his Complaint. (Docs. 13, 15.) The Court ordered Plaintiff to amend his Complaint before frivolity review, (doc. 17), and Plaintiff subsequently filed a third Motion to Amend Complaint with a Proposed Amendment, (doc. 18). For the reasons set forth below, the Court **DENIES** Plaintiff's Motions to Amend. For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice** and **DIRECT** the Clerk of Court to **CLOSE** this case for failure to state a claim and failure to follow this Court's Order. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

In his Complaint, Plaintiff attempted to assert a myriad of conditions of confinement claims on behalf of several other inmates. (Doc. 1.) Plaintiff also moved to proceed *in forma*

*pauperis* in this Court. (Doc. 2.) In granting Plaintiff's Motion, the Court informed Plaintiff that the other inmates listed as Plaintiffs in his Complaint could not proceed together in this cause of action. (Doc. 3, p. 1 n.1.)

In his first Motion to Amend, Plaintiff contended Connie Peebles violated his rights by opening his legal mail and holding that mail for several days before returning it to him. (Doc. 13, p. 2.) Plaintiff also contended Kristin Hall, the Emanuel County Clerk of Court, failed to stamp and file the motions he sent, refused to accept him as a *pro se* litigant, and violated the attorney-client privilege by discussing his case with Connie Peebles. (Id.) Plaintiff asserted "Officer Chris" and "Officer Keith" failed to de-louse inmates upon their arrival, leading to two scabies' outbreaks. (Id. at pp. 2–3.) Plaintiff maintained that, as a result of these outbreaks, he had to be treated twice and had only boxers to wear. Finally, Plaintiff asserted he wrote the Post Master concerning the opening of his legal mail and did not receive a response. (Id. at p. 3.)

In his second Motion to Amend, Plaintiff set forth the same claims as he did in his first Motion to Amend. In addition to these already-asserted claims, Plaintiff contended "Officer Gina" sent him a food tray with something he is allergic to, and he ate some of it by mistake. (Doc. 15, p. 3.) Plaintiff maintained he was not taken to the hospital but was given some Benadryl and "thrown in a holding cell." (Id.)

The Court informed Plaintiff that none of the people listed as Defendants in Plaintiff's Motions to Amend were named in his original Complaint. The Court advised Plaintiff that he may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." (Doc. 17, p. 4 (citing Fed. R. Civ. P. 20(a).). The Court concluded that Plaintiff's Complaint and previously-filed Motions to Amend failed to

state a viable claim. However, the Court provided Plaintiff the opportunity to amend his Complaint and deferred frivolity review until Plaintiff filed a proper Amended Complaint.

In his Third Motion to Amend his Complaint, Plaintiff sets forth the same claims he did in his original Complaint and names the same Defendants. However, for the reasons set forth below, Plaintiff's third attempt to amend his Complaint in a proper manner fails.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

3

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.  Dismissal for Failure to State a Claim and Failure to Follow this Court's Orders**

The Court advised Plaintiff that his Amended Complaint must include which claim or related claims Plaintiff wishes to pursue in this action and to specify the persons he intends to sue.  Additionally, the Court advised Plaintiff that his claims must be limited to those that arose from the same transaction or occurrence or series of related transactions or occurrences and that he could submit a separate complaint or complaints for his other claims.  The Court forewarned Plaintiff that, if he did not file an appropriate Amended Complaint, the Court may dismiss this action for failure to prosecute and failure to follow this Court's Orders.  (Doc. 17, p. 5 (citing Smith v. Owens, 625 F. App'x 924, 928 (11th Cir. 2015) (upholding this Court's dismissal for failure to comply with Federal Rule of Civil Procedure 20(a)); and Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (upholding dismissal for failure to prosecute Section 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).).  However, Plaintiff ignored the Court's instructions and instead re-submitted a Complaint very similar to his original filing.

Plaintiff's Third Amended Complaint is a "shotgun pleading" that is unclear as to which facts are "material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, L.L.C. v. Spear, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002)).  Despite the Court specifically reminding Plaintiff that he cannot "join unrelated claims and various defendants unless the claims 'arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action[,]'" Plaintiff fails to follow this directive and attempts to do the very same.  Specifically, Plaintiff complains generally about the

5

conditions of his confinement at the Emanuel County Jail and maintains that "Defendants" are responsible for these conditions in their entirety.

The Court warned Plaintiff in its Order that, if he does not file an appropriately amended Complaint, the Court may dismiss this action for failure to prosecute and failure to follow this Court's Orders. (Id.) (citations omitted). Accordingly, the Court should **DISMISS** Plaintiff's Complaint not only for failure to state a claim, but also for failure to follow this Court's Orders. See Taylor v. Spaziano, 251 F. App'x 616, 620–21 (11th Cir. 2007) (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint).

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action

---

[1] A certificate of appealability is not required in this Section 1983 action.

6

is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motions to Amend. I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice** and **DIRECT** the Clerk of Court to **CLOSE** this case. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 19th day of December, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA